```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                         :
HAROLD HODGE, et al.
                                         :
     v.                                  :    Civil Action No. DKC 14-2829
                                         :
COLLEGE OF SOUTHERN MARYLAND,
et al.                                   :
```

### MEMORANDUM OPINION AND ORDER

On August 3, 2015, the court issued a memorandum opinion and order granting Defendants' motions to dismiss and dismissed Plaintiffs claims against all defendants. (ECF Nos. 38 and 39). On August 17, Plaintiffs filed a motion for reconsideration which is presently pending. (ECF No. 40). Plaintiffs argue that the court is biased toward them and misapplied the law. The State of Maryland, The College of Southern Maryland, Bradley M. Gottfried, Susan Subocz, Loretta McGrath, Richard B. Fleming, Jeffrey Potter, Richard Welsh, Matthew Schatz, Ricardo "Doe", and Charlie "Doe" filed oppositions. (ECF Nos. 41 and 42).

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not

available at trial, or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Plaintiffs have not sufficiently addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable.  The court will not rehash the same arguments considered and rejected by the court in deciding the prior motions to dismiss.  *See Sanders v. Prince George's Public School System*, No. RWT 08cv501, 2011 WL 4443441, at *1 (D.Md.

Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request").  Thus, Plaintiffs' motion for reconsideration cannot prevail.

Accordingly, it is this 4th day of September, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiffs (ECF No. 40) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Plaintiffs and counsel for Defendants.

                                                   /s/  
                                  DEBORAH K. CHASANOW  
                                  United States District Judge